LOÍZA SUGAR COMPANY, PLAINTIFF AND APPELLEE, *v.* CALDERÓN ET AL., DEFENDANTS AND APPELLANTS.

## Appeal from the District Court of San Juan in an Action for Acknowledgment of Servitude.

No. 2512.—Decided March 31, 1922.

SERVITUDE—RIGHT OF WAY—RAILROAD TRACK—LEASE—TOLERANCE.—Although by authority of the lease contract the lessee permitted the plaintiff to run its trains over the leased property, after the lease is terminated the owner can not be compelled to acknowledge the servitude, for as he did not agree to tolerate it, his right to remove the track is protected by section 446 of the Civil Code, especially as the plaintiff did not show any present or future damage.

ID.—ID.—ID.—INJUNCTION—DESCRIPTION OF PROPERTY.—In an injunction proceeding to restrain the defendants from removing a railroad track of the

plaintiff the property affected by the servitude should be sufficiently de-
scribed, and the mere allegation that the defendants are the owners of 180
acres of land in such and such a ward of such and such a municipality does
not comply with that requirement.

ID.—ID.—ID.—PLEADING.—A complaint wherein it is alleged that the owners
consented to the construction of the railroad track, but nothing is alleged
to show that they were estopped from withdrawing that consent, does not
state facts sufficient to constitute a cause of action. Whatever damages a
person may suffer, he can not interfere with the proper exercise of a right
by another person without proving that he also has a right.

The facts are stated in the opinion.

Messrs. J. C. Torres, A. R. Barceló and M. Benítez Flo-
res for the appellants.

Messrs. E. Acuña and J. Texidor for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

An injunction was granted against the defendants for-
bidding them to remove from their lands the rails of the
complainant, a sugar central, the latter claiming a right equal
or similar to a servitude. The physical situation in this case
only differs from the facts disclosed in Torres v. Plazuela
Sugar Co., 24 P. R. R. 451, in that here the complainant claims
a right by virtue of an agreement that the owner of the
land in question made with his lessee whereby the latter was
authorized as follows:

"The lessee, Sosa Oliva, is likewise fully empowered and author-
ized by the present owners of the property to grant or object to pas-
sage over those railroad tracks or other ways of communication,
established or projected, during the term of his lease, either opposing
or not opposing expropriation proceedings."

The complainant introduced no evidence tending to show
an agreement with the said lessee. On the contrary what-
ever evidence of an agreement to permit the complainant to
enter the land was of a time previous to the holding of said
tenant. Therefore the case is on all fours with Torres v.
Plazuela Sugar Co., supra.

Even if the tenant had made an agreement, he was limited
to the period of his tenancy which was shown to have ter-

minated and as in *Torres* v. *Plazuela Sugar Co., supra,* section 446 of the Civil Code, as follows, is applicable:

"Section 446.—Acts merely tolerated and those clandestinely executed, without the knowledge of the possessor of a thing, or with violence, do not affect possession."

We agree with the appellants that for an injunction a strong case must be made out, but a citation of authorities is unnecessary, for we find no case made out in favor of the appellee who, as too frequently happens, has filed no brief. We see no justification for this suit.

Likewise, we agree with the appellants that the complaint in injunction should have described the land and that it was not sufficient to say that the defendants were the owners of 180 acres in the ward of Canóvanas, municipality of Loíza. We are not quite sure from the record whether or not this defect was cured at the trial.

The appellants are also right in insisting that no actual damage or prospective damage to the complainant was clearly shown. On the contrary, the proof tended to show that the complainant rarely used the rails in question and had other means of communication in the neighborhood, although perhaps more costly.

Likewise, we agree with the appellants that the complaint did not set up a cause of action, for, while it said that the owners had consented to the placing of the rails, it showed nothing that would prevent the defendants from withdrawing such consent in accordance with section 446, *supra.* No matter how much damage may be caused a person, he may not interfere with the due exercise of a right in another without showing some right in himself. The appellants allege other defects in the complaint which we shall not discuss.

Having reached this conclusion, we shall not consider the alleged lack of a bond or an oath, or the alleged action of the court in issuing the order without a bond. The com-

plainant was so devoid of a cause of action that the judgment must be reversed and the complaint dismissed with costs and counsel fees, no reason being shown to vex the defendants with this suit.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.